**Julius Robert CARTER,
Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL
SECURITY, Defendant–
Appellee.**

No. 02–2276.

United States Court of Appeals,
Sixth Circuit.

June 19, 2003.

Before MARTIN, Chief Judge;
KRUPANSKY and COLE, Circuit Judges.

### ORDER

This is a direct appeal from a district court judgment dismissing for lack of subject matter jurisdiction in an action filed on the authority of 42 U.S.C. § 405(g). This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Carter filed a summary complaint in 2001 in which he requested federal district court review of an alleged refusal by the Commissioner to grant Carter's application for disability insurance benefits under § 405(g). Carter did not specify the date or number of the application and merely noted that each of his inquiries to the Commissioner elicited a reply of "it's pending." Carter was given two other opportunities to flesh out his complaint, but each time he merely replied that his 1981 application was pending and that the "defendant has all records." The magistrate judge concluded from these pleadings that, as there was no final decision of the Commissioner to review, the complaint should be dismissed for lack of subject matter jurisdiction. The magistrate judge's report concluded with the warning that any party who was adversely affected by the recommendation was required to file specific objections within ten days or waive further review. The court served a copy of this report and recommendation on Carter, but he did not file any objections. The district court subsequently adopted the magistrate judge's report and recommendation as its decision, nothing in the order that the recommendation was being adopted in the absence of any objections. This appeal followed. On appeal, Carter continues to insist that he is disabled, a veteran of the armed forces, and that he is entitled to an immediate award of disability insurance benefits.

The Sixth Circuit requires litigants to file specific and timely objections to a magistrate judge's report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C), in order to preserve the right to appeal a subsequent judgment of the district court adopting that report. *Thomas v. Arn*, 474 U.S. 140, 155 & n. 15, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). Carter did not file any objections to the magistrate judge's report and recommendation despite being advised to do so. Although exceptional circumstances may warrant departure from the waiver rule in the interests of justice, this case does not present any such circumstances. Carter insists that there has been no final decision of an unidentified 1981 disability application. Absent a final decision of the Commissioner, there is nothing for the district court to review. This appeal lacks merit.

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.